THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
NATHANIEL L. BACH, SBN 246518
  nbach@gibsondunn.com
MARISSA B. MOSHELL, SBN 319734
  mmoshell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone:  310.552.8500
Facsimile:   310.551.8741

Attorneys for Defendants Rachel Maddow, MSNBC Cable L.L.C., NBCUniversal Media, LLC, and Comcast Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RACHEL MADDOW; COMCAST CORPORATION; NBCUNIVERSAL MEDIA, LLC; and MSNBC CABLE L.L.C., <br><br> Defendants. | CASE NO. 19-cv-1713-BAS-AHG <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (CAL. CIV. PROC. CODE § 425.16)** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** <br><br> Action Filed:  September 9, 2019 <br><br> Judge:  Hon. Cynthia Bashant <br><br> Courtroom 4B <br><br> Hearing Date:  December 16, 2019 |

Pursuant to Federal Rule of Evidence 201, Defendants Rachel Maddow, MSNBC Cable L.L.C., NBCUniversal Media, LLC, and Comcast Corporation ("Defendants") respectfully request that the Court take judicial notice of the following exhibits, true and correct copies of which are attached hereto or referenced herein, in support of Defendants' Special Motion to Strike Plaintiff Herring Networks, Inc.'s Complaint:

| Exhibit | Description |
|---|---|
| **Ex. A** | Kevin Poulsen, *Trump's New Favorite Channel Employs Kremlin-Paid Journalist*, Daily Beast (July 22, 2019), https://www.thedailybeast.com/oan-trumps-new-favorite-channel-employs-kremlin-paid-journalist |
| **Ex. 1 to Notice of Lodging** | *The Rachel Maddow Show: Staffer on Trump-Favored Network Is on Propaganda Kremlin Payroll* (MSNBC television broadcast July 22, 2019), available at https://www.msnbc.com/rachel-maddow/watch/staffer-on-trump-favored-network-is-on-propaganda-kremlin-payroll-64332869743 |

**These Exhibits Are Judicially Noticeable Materials Pursuant to FRE 201**

A court can take judicial notice of relevant facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). This includes facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Exhibit A and Exhibit 1 are a news article and a segment from a cable news television broadcast, respectively. The Court may take judicial notice of such material as an indication of information available in the public realm. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Parent v. Millercoors LLC*, 2016 WL 3348818, at *4 (S.D. Cal. June 16, 2016) (finding a *San Diego Union-Tribune* article appropriate for judicial notice); *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1007 (S.D. Cal. 2015) (noting "[p]ress

Case 3:19-cv-01713-BAS-AHG Document 18-2 Filed 10/21/19 PageID.93 Page 3 of 3

coverage and news articles are [] judicially noticeable" and taking judicial notice of newspaper articles).

In addition, Plaintiff's Complaint "relies on and references" both *The Daily Beast* article and *The Rachel Maddow Show* segment numerous times, making them "appropriate for incorporation by reference" as well. *Bernier v. Travelers Prop. Cas. Ins. Co.*, 2017 WL 5843396, at *2 (S.D. Cal. Nov. 29, 2017). Indeed, the Ninth Circuit has explicitly "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's [defamation] claim depends on the contents of a document . . . and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076–79 (9th Cir. 2005) (considering web pages attached to a motion to dismiss under the incorporation by reference doctrine and affirming dismissal of defamation claim). Here, Plaintiff's defamation claim is premised *directly* on the content contained in Exhibit A and Exhibit 1.

<center>* * *</center>

Defendants respectfully request that the Court consider Exhibit A and Exhibit 1 in ruling on their Special Motion to Strike Plaintiff's Complaint.

DATED: October 21, 2019

                              Respectfully Submitted,

                              GIBSON, DUNN & CRUTCHER LLP

                              By: /s/ *Theodore J. Boutrous Jr.*
                                  Theodore J. Boutrous Jr.

                              Attorneys for Defendants

Gibson, Dunn & Crutcher LLP

2
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE