LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
AMNON Z. SIEGEL (State Bar No. 234981)
asiegel@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
JUSTIN P. MCCARTHY (State Bar No. 317169)
jmccarthy@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Plaintiff Herring Networks, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERRING NETWORKS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RACHEL MADDOW; COMCAST CORPORATION; NBC UNIVERSAL MEDIA, LLC; AND MSNBC CABLE LLC.<br><br>        Defendants. | **CASE NO. 3:19-cv-01713-BAS-AHG**<br><br>Assigned for All Purposes to:<br>Hon. Cynthia Bashant<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO SUPPLEMENT THE RECORD IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(BASED ON NEW EVIDENCE)**<br><br>[*Filed Concurrently with Declaration of Amnon Z. Siegel; Notice of Lodging; [Proposed] Order*]<br><br>Action Filed:   September 9, 2019<br>Trial Date:      None |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Herring Networks, Inc. ("Plaintiff") will and hereby does apply *ex parte* for an order to supplement the record in opposition to Defendants' special motion to strike (Dkt. No. 18) with the following new evidence:

- The video and transcript from the December 9, 2019 episode of *Hardball* with Chris Matthews, which was televised on MSNBC (lodged with/attached to the concurrently filed Declaration of Amnon Siegel ("Siegel Decl.")).

Pursuant to Civil Local Rule 83.3 and this Court's Standing Order for Civil Cases, as set forth in the Declaration of Amnon Siegel, Plaintiff's counsel contacted Defendants' counsel by email and telephone on December 10, 2019, to meet and confer regarding this application.  (Siegel Decl. ¶¶ 3-5, Exs. C & D.)  Defendants' counsel stated that Defendants will oppose this application.  (Siegel Decl. ¶ 5.)

DATED:  December 11, 2019

Respectfully submitted,

MILLER BARONDESS, LLP

By: _____

AMNON Z. SIEGEL
Attorneys for Plaintiff Herring Networks, Inc.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

# MEMORANDUM OF POINT AND AUTHORITIES

## I.   Introduction

Defendants' pending special motion to strike contends that when Rachel Maddow ("Maddow") said on her MSNBC show that One America News Network ("OAN") "really literally is paid Russian propaganda," Maddow was being hyperbolic and no reasonable viewer would have believed Maddow meant what she said. On December 2, 2019, Plaintiff Herring Networks, Inc. ("Plaintiff" or "Herring"), which owns and operates OAN, filed its opposition to the motion.

Since then, new evidence has come to light that further shows why Defendants are wrong. Specifically, on December 9, 2019, one of Maddow's colleagues at MSNBC—Chris Matthews ("Matthews")—made a similar claim about OAN, falsely asserting that the network is "Russian-owned." This reiteration of Maddow's claim on the same network demonstrates that Maddow's original statement was intended to be—and, in fact, was—understood literally and factually.

Moreover, immediately after a commercial break, Matthews retracted his factual misstatement, clarifying that he was wrong: OAN is American-, not Russian-owned. This demonstrates that Defendants know the falsity of Maddow's statement that OAN "really literally is paid Russian propaganda." Yet, despite Plaintiff's pre-litigation retraction demand, Defendants refused to correct Maddow's false statement. This lawsuit would have never been filed, and Matthews would not have perpetuated a falsehood about OAN, had Maddow issued an appropriate retraction.

Plaintiff therefore brings this *ex parte* application to supplement the record in opposition to Defendants' motion with this new evidence.

## II.   The New Evidence

The Rachel Maddow Show on MSNBC is preceded earlier in the evening by another show called *Hardball*, hosted by Matthews. On December 9, 2019, Matthews reported on a story about Rudy Giuliani and OAN. (Declaration of Amnon Siegel ("Siegel Decl."), Exs. A & B.) During the segment, Matthews stated:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

2  > [Rudy Guiliani's] travels were part of a television show for OAN, a conservative network that Trump often praises, *that's Russian owned by the way*.

3

4  (*Id.* (emphasis added).)

5      After Matthews initially made this false claim, Matthews then said

6  (apparently reacting to someone off-screen), "[m]aybe it's not Russian owned, but

7  of that point of view." (*Id.*)  Then, immediately after a commercial break, Matthews

8  issued a retraction and corrected the record:

9  > First of all, that OAN the news to the right of Fox News Network. I thought that was Russian owned, it's owned by an American so I'll straighten that out right now. I just did, anyway.

10

11  (*Id.*)

12  ## III.   The Court Should Allow Plaintiff To Supplement The Record With Matthews' Statements

13

14      Matthews' recent statements further demonstrate why Defendants' argument

15  in their motion that they should prevail as a matter of law is wrong.  Defendants

16  contend that "an 'average' viewer would understand Ms. Maddow's statements as

17  being colorful commentary . . . *not asserting facts regarding the ownership or*

18  *financing of OAN.*"  (Dkt. No. 18-1 ("Mem.") at 13:18-21 (emphasis added).)

19  However, Matthews' December 9 statement—made on the same news channel—

20  that OAN is "Russian *owned*" (Siegel Decl., Exs. A & B (emphasis added))

21  indicates that Maddow's earlier claim that OAN "really literally is paid Russian

22  propaganda" was intended and interpreted as a literal, factual assertion.

23      Because one of Maddow's own colleagues at MSNBC understood her claim

24  literally and reiterated it on his show, Defendants have failed to prove "as a matter

25  of law that *no reasonable person* could construe [the statement] as provably false."

26  *Manufactured Home Cmtys., Inc. v. County of San Diego*, 544 F.3d 959, 964 (9th

27  Cir. 2008) (emphasis added); *see also Campanelli v. Regents of Univ. of Cal.*, 44

28  Cal. App. 4th 572, 578 (1996) ("If the court concludes the statement could

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4

1  reasonably be construed as either fact or opinion, the issue should be resolved by a
2  jury.").

3      If Defendants claim that Matthews' false statement was unrelated to
4  Maddow's, Plaintiff is entitled to conduct discovery on this issue.  Such a position,
5  if Defendants assert it, would not be supported by the record.  The *Daily Beast*
6  article, which Maddow referenced in her segment, did not state that OAN was
7  Russian-owned (Dkt. No. 18-2, Ex. A), nor did any other news outlet.  It was only
8  Maddow's defamatory statement that could have led to Matthews' claim that OAN
9  is "Russian-owned."

10     Defendants' "substantial truth" argument (Mem. at 21:1-22:11) is also
11  defeated by Matthews' on-air retraction.  Matthews' correction of his false statement
12  after the commercial break is an admission by Defendants that they know the truth
13  (OAN is not owned or financed by Russians), and they know that Maddow's
14  previous statement (that OAN is "paid Russian propaganda") is provably false.

15     Plaintiff sought the same retraction from Maddow that Matthews provided.
16  On July 25, 2019, after Defendants televised Maddow's segment about OAN,
17  Plaintiff wrote to Defendants demanding a retraction.  (Compl. ¶ 40, Exs. A, B.)
18  Defendants refused.  (*Id.* ¶ 41.)  If Maddow had issued a retraction, like Matthews
19  did, Plaintiff would not have filed this lawsuit.

20     Because Matthews' recent statements about OAN further refute Defendants'
21  arguments in their motion, the Court should allow Plaintiff to supplement the record
22  with Matthews' statements.  This evidence (from December 9) was not available
23  and could not have been presented at the time of Plaintiff's opposition (on
24  December 2), making *ex parte* relief appropriate.  *See Marya v. Warner/Chappell*
25  *Music, Inc.*, 131 F. Supp. 3d 975, 982 (C.D. Cal. 2015) (granting *ex parte*
26  applications to supplement the record with new evidence); *Thomson v. HMC Grp.*,
27  2015 WL 11256775, at *1 n.3 (C.D. Cal. Oct. 29, 2015) (granting *ex parte*
28  application to consider new evidence obtained at deposition that could not have been

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  held before motion hearing).

2  **IV.**     <u>**Defendants Are Wrong That Plaintiff Is Not Entitled To Submit Any**</u>
3          <u>**Evidence In Opposition To Defendants' Motion**</u>

4        On December 10, 2019, Plaintiff's counsel met and conferred with

5  Defendants' counsel about this application pursuant to Civil Local Rule 83.3.

6  (Siegel Decl. ¶¶ 3-5, Exs. C & D.) Defendants stated that they intend to oppose this

7  application on the grounds that Plaintiff is, according to Defendants, limited to the

8  allegations in its Complaint and cannot submit any evidence in opposition to

9  Defendants' motion. (*Id.*)

10        This is incorrect. The anti-SLAPP statute specifically provides that, "[i]n

11  making its determination, the court *shall consider* the pleadings, and *supporting and*

12  *opposing affidavits* stating the facts upon which the liability or defense is based."

13  Cal. Civ. Proc. Code § 425.16(b)(1) (emphasis added). This statute applies in

14  federal court, to the extent it does not conflict with the Federal Rules of Civil

15  Procedure. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,

16  890 F.3d 828, 833-34 (9th Cir. 2018).

17        Defendants misconstrue *Planned Parenthood* to the extent they contend it

18  bars Plaintiff from submitting evidence. In *Planned Parenthood*, the question was

19  whether or not a plaintiff was *required* to oppose an anti-SLAPP motion with

20  evidence, prior to discovery (as would be the case in California state court). *Id.* at

21  834. The Ninth Circuit held that, to avoid a conflict with the Federal Rules of Civil

22  Procedure, a plaintiff is "not *required* to present prima facie evidence supporting

23  [the plaintiff's] claims" where an anti-SLAPP motion challenges only the legal

24  sufficiency of a claim. *Id.* (emphasis added) The Ninth Circuit did *not* hold that a

25  plaintiff is *barred* from submitting any evidence. *Id.*

26        In addition, the Ninth Circuit in *Planned Parenthood* held that, "when an anti-

27  SLAPP motion to strike challenges *only the legal sufficiency of a claim*, a district

28  court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  consider whether a claim is properly stated." *Id*. (emphasis added).  This is
2  inapplicable here because Defendants' motion is *not* limited to the legal sufficiency
3  of Plaintiff's claim for defamation.  Rather, Defendants' motion asks the Court to
4  interpret Maddow's statement in its "broad context," and Defendants themselves
5  rely on materials outside the Complaint, such as dictionary definitions they purport
6  to use to advance their characterization of Maddow's statement, as well as
7  references to the current political climate.  (Mem. at 12:13; 16:6-12; *see also, e.g.*,
8  Reply at 7:20-21 (asking the Court to rely on the statement being made "during a
9  period of heated discussions about United States elections").)  Plaintiff's (and
10 Defendants') evidence, including this supplemental evidence, is relevant to the
11 Court's analysis of whether Maddow's statement could reasonably be construed as
12 one of fact, which would mandate denial of Defendants' motion.

13          Lastly, even if Plaintiff were limited to the allegations in its Complaint in
14 opposing Defendants' anti-SLAPP motion (it is not), Plaintiff should, at a minimum,
15 be given leave to amend its Complaint to add the additional information borne out
16 by Plaintiff's evidence.  *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377
17 F.3d 1081, 1091 (9th Cir. 2004) (holding that "granting a defendant's anti-SLAPP
18 motion to strike a plaintiff's initial complaint without granting the plaintiff leave to
19 amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal
20 amendment").  In any event, leave to amend here is unnecessary, since Plaintiff has
21 established that a viewer could reasonably construe Maddow's statement as a
22 statement of fact.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  **V.**    **Conclusion**

2      For the foregoing reasons, Plaintiff respectfully requests that the Court allow

3  Plaintiff to supplement the record in opposition to Defendants' special motion to

4  strike with evidence of Matthews' December 9, 2019 statements.

5  DATED:  December 11, 2019        Respectfully submitted,

6
                                        MILLER BARONDESS, LLP
7

8

9                          By: _____

10                            AMNON Z. SIEGEL
                              Attorneys for Plaintiff Herring Networks,
11                            Inc.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On December 11, 2019, I served true copies of the following document(s) described as:

**PLAINTIFF'S EX PARTE APPLICATION TO SUPPLEMENT THE RECORD IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION (RETURN RECEIPT REQUESTED):** I caused a copy of the document(s) to be sent from e-mail address aalamango@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 11, 2019, at Los Angeles, California.

_____
Alexandria Alamango

**SERVICE LIST**
**Herring Networks, Inc. v. Rachel Maddow, et al.**
**USDC SDCase No. 19-cv-1713-BAS-AHG**

| | |
|---|---|
| Theodore J. Boutrous Jr.<br>Theane Evangelis<br>Nathaniel L. Bach<br>Marissa B. Moshell<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197 | Attorneys for Defendants RACHEL MADDOW, COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, AND MSNBC CABLE L.L.C.<br><br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br>Email:  tboutrous@gibsondunn.com<br>        tevangelis@gibsondunn.com<br>        nbach@gibsondunn.com<br>        mmoshell@gibsondunn.com |
| Scott A. Edelman<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East, Suite 4000<br>Los Angeles, CA 90067-3026 | Attorneys for Defendants RACHEL MADDOW, COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, AND MSNBC CABLE L.L.C.<br><br>Telephone: (310) 552-8500<br>Facsimile: (310) 551-8741<br>Email:  sedelman@gibsondunn.com |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

445539.1

Case No. 3:19-cv-01713-BAS-BGS

PLAINTIFF'S *EX PARTE* APPLICATION TO SUPPLEMENT THE RECORD WITH NEW EVIDENCE

1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
3  COLIN H. ROLFS (State Bar No. 280654)
   crolfs@millerbarondess.com
4  JUSTIN P. MCCARTHY (State Bar No. 317169)
   jmccarthy@millerbarondess.com
5  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
6  Los Angeles, California 90067
   Telephone:  (310) 552-4400
7  Facsimile:   (310) 552-8400

8  Attorneys for Plaintiff Herring Networks, Inc.

9

10

11              **UNITED STATES DISTRICT COURT**

12             **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  HERRING NETWORKS, INC.,            **CASE NO. 3:19-cv-01713-BAS-AHG**

15            Plaintiff,               Assigned for All Purposes to:
                                       Hon. Cynthia Bashant
16        v.
                                       **DECLARATION OF AMNON Z.**
17  RACHEL MADDOW; COMCAST             **SIEGEL IN SUPPORT OF**
    CORPORATION; NBC UNIVERSAL         **PLAINTIFF'S *EX PARTE***
18  MEDIA, LLC; AND MSNBC CABLE        **APPLICATION**
    LLC.
19                                     [*Filed Concurrently with [Ex Parte*
           Defendants.                 *Application; Notice of Lodging;*
20                                     *[Proposed] Order*]

21
                                       Action Filed:    September 9, 2019
22                                     Trial Date:      None

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1          **DECLARATION OF AMNON Z. SIEGEL**

2        I, Amnon Z. Siegel, declare as follows:

3        1.    I am an attorney duly admitted to practice before this Court.  I am a

4 partner with Miller Barondess, LLP, counsel of record for Plaintiff Herring

5 Networks, Inc.  I have personal knowledge of the facts set forth herein, and if called

6 as a witness, I could and would competently testify to all of said facts.  I make this

7 declaration in support of Plaintiff's *Ex Parte* Application to Supplement the Record

8 in Opposition to Defendants' Special Motion to Strike.

9 **The December 9, 2019 Episode of *Hardball***

10        2.    The show *Hardball*, hosted by Chris Matthews ("Matthews"), appears

11 on MSNBC at 7:00 P.M. ET weeknights.  *The Rachel Maddow Show* appears on

12 MSNBC at 9:00 P.M. ET weeknights.  Attached hereto as <u>Exhibit A</u> is a true and

13 correct excerpt from the transcript of the December 9, 2019 episode of *Hardball*,

14 which I caused to be created.  Lodged herewith as <u>Exhibit B</u> is a true and correct

15 excerpt from the video of the December 9, 2019 episode of *Hardball*.

16 **Compliance With Civil Local Rule 83.3**

17        3.    On the morning of December 10, 2019, I left a voicemail for

18 Defendants' counsel, Nathaniel Bach, providing notice that Plaintiff intended to

19 move *ex parte* to supplement the record in opposition to Defendants' special motion

20 to strike with Matthews' December 9, 2019 statements.

21        4.    Also on the morning of December 10, 2019, I emailed Defendants'

22 counsel to provide notice of this *ex parte* application and request a telephone call to

23 discuss Defendants' position regarding the application.  Attached hereto as <u>Exhibit</u>

24 <u>C</u> is a true and correct copy of my email.

25        5.    Following my email, I spoke on the phone with Mr. Bach about the

26 substance of the application and Defendants' position.  In the evening of December

27 10, 2019, Mr. Bach responded by email stating that Defendants will oppose

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  Plaintiff's application.  Attached hereto as <u>Exhibit D</u> is a true and correct copy of

2  Mr. Bach's email.

3       I declare under penalty of perjury under the laws of the United States of

4  America that the foregoing is true and correct.

5       Executed on this 11th day of December, 2019, at Los Angeles, California.

10 Amnon Z. Siegel

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

# INDEX OF EXHIBITS TO THE DECLARATION OF AMNON Z. SIEGEL

2

3

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | Transcript of video excerpt of December 9, 2019 episode of Hardball | 4-5 |
| B. | Lodged video excerpt of December 9, 2019 episode of Hardball | 6 |
| C. | December 10, 2019 email from Amon Siegel to Nathaniel Bach | 7-8 |
| D. | December 10, 2019 email from Nathaniel Bach to Amnon Siegel | 9-11 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# EXHIBIT A

Start 31:58

Chris Matthews: Welcome back to Hardball. As the impeachment investigation or drive into President Trump's efforts to get Ukraine to investigate Biden went along again this week, in fact, is finishing up this week , Rudy Giuliani continued to do what he was doing. Giuliani went to Ukraine again to meet with former Ukrainian prosecutors which the Daily Beast describes as a group seen at home as odious and discredited. Great company you're keeping Rudy. His travels were part of a television show for OAN, a conservative network that Trump often praises, that's Russian owned by the way. The first two installments that aired this weekend included more of the same debunked theories on Ukraine and the 2016 election. Maybe it's not Russian owned, but of that point of view. But a preview of the next episode from an OAN correspondent reached a new level of bizarre with unfolding claims that troops were sent to Kiev to monitor Giuliani and a possible encounter at the airport with none other than George Soros. Let's watch.

OAN video clip: "Within hours of news breaking of our presence in Ukraine word came from sources in Kiev, roughly a thousand troops were suddenly patrolling the city. No public statement was made on why and as media started closing in on our location, security determined we needed to leave the country. Three major testimonies taped and recorded, we chartered a midnight jet to Vienna and sped to the airport. We came upon an entourage of black Mercedes aligned along the terminal. Our security ushered us immediately away from the vehicles and we were told Ukrainian oligarch Viktor Pinchuk was seen entering one of these vehicles. Two other eyewitnesses claimed to have spotted George Soros, but we have not confirmed this."

Chris Matthews: Obviously haven't confirmed, it didn't happen. Christopher Miller, a reported based in Ukraine, tweeted that none of what the correspondent claims is true. There was no increased police presence in Kiev, and also notes that there are always black cars at the airport because it has a business terminal. Giuliani said today that he planned to present the findings of his Ukraine trip to congressional Republicans this week.

Giuliani Video Clip: I was going to do an outline of it and try to present it at the convenience of the Republicans in Congress and the Attorney General at the end of this week. I should probably have it ready on Wednesday or Thursday. I don't know exactly when it will be made public but it should be ready by then. I worked on it all weekend.

Chris Matthews: But not all of Trump's allies are on board with Giuliani's investigations. There are some high-level defectors out there that don't think this is good for Trump. That's up next, you're watching Hardball.

Chris Matthews: Welcome back to Hardball. First of all, that OAN ,the new to the right of Fox News Network. I thought that was Russian owned, it's owned by an American so I'll straighten that out right now. I just did, anyway.

Stop 34:42

445642.1

**Page 5**

# EXHIBIT B
## (Separately Lodged with Court)

# EXHIBIT C

| **From:** | Amnon Siegel |
|---|---|
| **Sent:** | Tuesday, December 10, 2019 11:27 AM |
| **To:** | tboutrous@gibsondunn.com; tevangelis@gibsondunn.com; nbach@gibsondunn.com; mmoshell@gibsondunn.com; sedelman@gibsondunn.com |
| **Cc:** | Skip Miller; Colin Rolfs; Justin McCarthy |
| **Subject:** | Herring Networks, Inc. v. Maddow, et al.: Case No. 19-cv-1713-BAS-AHG |

Dear Ted, Scott and Nat:

On behalf of Plaintiff, we plan to file an *ex parte* application to supplement the record with new evidence in opposition to Defendants' Special Motion to Strike Plaintiff's Complaint.  The new evidence is a segment from last night's (December 9, 2019) *Hardball* on Defendant MSNBC, during which Chris Matthews refers to One America News Network (OAN) as "Russian owned"; later in the same episode, Mr. Matthews retracted that false statement, stating that OAN is not Russian-owned but is instead American-owned, which is true.

I would like to have a telephone call to discuss Defendants' position regarding this application.  In fact, I tried to contact all of you by telephone this morning, without success.  I left a voicemail for Nat, in which I described the ex parte application, and I left a message with Scott's assistant, asking for a return call.

Please be advised that we plan on filing the application as soon as possible, either tonight or tomorrow morning, since the hearing is scheduled in six days.  Therefore, I would appreciate you calling me today.  Thank you.


**Amnon Z. Siegel**

M I L L E R | B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7557
Main: 310-552-4400
Fax: 310-552-8400
asiegel@millerbarondess.com
www.millerbarondess.com

# EXHIBIT D

| From: | Bach, Nathaniel L. <NBach@gibsondunn.com> |
|---|---|
| Sent: | Tuesday, December 10, 2019 6:53 PM |
| To: | Amnon Siegel; Boutrous Jr., Theodore J.; Evangelis, Theane; Moshell, Marissa; Edelman, Scott A. |
| Cc: | Skip Miller; Colin Rolfs; Justin McCarthy |
| Subject: | RE: Herring Networks, Inc. v. Maddow, et al.: Case No. 19-cv-1713-BAS-AHG |

Amnon, as I previewed on the phone earlier, Defendants will oppose Plaintiff's intended application.  Mr. Matthews's statement and immediate clarification on his show last night are not relevant to the understanding and context of Ms. Maddow's different statement four months earlier.  And as set forth in Defendants' reply brief filed yesterday, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) precludes the submission and consideration of evidence to oppose an anti-SLAPP motion that has been brought on the basis of a complaint's legal deficiencies, as here.

Sincerely,

Nat


**Nathaniel L. Bach**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Fax +1 213.229.6241 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Amnon Siegel <asiegel@Millerbarondess.com>
**Sent:** Tuesday, December 10, 2019 11:27 AM
**To:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Bach, Nathaniel L. <NBach@gibsondunn.com>; Moshell, Marissa <MMoshell@gibsondunn.com>; Edelman, Scott A. <SEdelman@gibsondunn.com>
**Cc:** Skip Miller <smiller@Millerbarondess.com>; Colin Rolfs <crolfs@millerbarondess.com>; Justin McCarthy <jmcCarthy@millerbarondess.com>
**Subject:** Herring Networks, Inc. v. Maddow, et al.: Case No. 19-cv-1713-BAS-AHG

[External Email]
Dear Ted, Scott and Nat:

On behalf of Plaintiff, we plan to file an *ex parte* application to supplement the record with new evidence in opposition to Defendants' Special Motion to Strike Plaintiff's Complaint.  The new evidence is a segment from last night's (December 9, 2019) *Hardball* on Defendant MSNBC, during which Chris Matthews refers to One America News Network (OAN) as "Russian owned"; later in the same episode, Mr. Matthews retracted that false statement, stating that OAN is not Russian-owned but is instead American-owned, which is true.

I would like to have a telephone call to discuss Defendants' position regarding this application.  In fact, I tried to contact all of you by telephone this morning, without success.  I left a voicemail for Nat, in which I described the ex parte application, and I left a message with Scott's assistant, asking for a return call.

Please be advised that we plan on filing the application as soon as possible, either tonight or tomorrow morning, since the hearing is scheduled in six days.  Therefore, I would appreciate you calling me today.  Thank you.

**Amnon Z. Siegel**

M I L L E R | B A R O N D E S S LLP

1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7557
Main: 310-552-4400
Fax: 310-552-8400
asiegel@millerbarondess.com
www.millerbarondess.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Page 11**

<div align="left" style="writing-mode: vertical;">

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

</div>

1

## <u>CERTIFICATE OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 1999 Avenue

4

of the Stars, Suite 1000, Los Angeles, CA 90067.

5

      On December 11, 2019, I served true copies of the following document(s) described as:

6

**DECLARATION OF AMNON Z. SIEGEL IN SUPPORT OF PLAINTIFF'S EX PARTE
APPLICATION**

7

on the interested parties in this action as follows:

8

### SEE ATTACHED SERVICE LIST

9

      **BY E-MAIL OR ELECTRONIC TRANSMISSION (RETURN RECEIPT**

10

**REQUESTED):**  I caused a copy of the document(s) to be sent from e-mail address
aalamango@millerbarondess.com to the persons at the e-mail addresses listed in the Service List.

11

I did not receive, within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

12

      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the

13

document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case
who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case

14

who are not registered CM/ECF users will be served by mail or by other means permitted by the
court rules.

15

      I declare under penalty of perjury under the laws of the United States of America that the

16

foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

17

      Executed on December 11, 2019, at Los Angeles, California.

18

19

20

21

_____

22

Alexandria Alamango

23

24

25

26

27

28

445541.1

12

Case No. 3:19-cv-01713-BAS-BGS

DECLARATION OF AMNON Z. SIEGEL IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552 4400   FAX: (310) 552 8400

1

2

**SERVICE LIST**
**Herring Networks, Inc. v. Rachel Maddow, et al.**
**USDC SDCase No. 19-cv-1713-BAS-AHG**

3

4

5

6

7

8

Theodore J. Boutrous Jr.
Theane Evangelis
Nathaniel L. Bach
Marissa B. Moshell
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Attorneys for Defendants RACHEL
MADDOW, COMCAST CORPORATION,
NBCUNIVERSAL MEDIA, LLC, AND
MSNBC CABLE L.L.C.

Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email:  tboutrous@gibsondunn.com
            tevangelis@gibsondunn.com
            nbach@gibsondunn.com
            mmoshell@gibsondunn.com

9

10

11

12

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026

Attorneys for Defendants RACHEL
MADDOW, COMCAST CORPORATION,
NBCUNIVERSAL MEDIA, LLC, AND
MSNBC CABLE L.L.C.

Telephone: (310) 552-8500
Facsimile: (310) 551-8741
Email:  sedelman@gibsondunn.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

445541.1

13

Case No. 3:19-cv-01713-BAS-BGS

1   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
2   AMNON Z. SIEGEL (State Bar No. 234981)
    asiegel@millerbarondess.com
3   COLIN H. ROLFS (State Bar No. 280654)
    crolfs@millerbarondess.com
4   JUSTIN P. MCCARTHY (State Bar No. 317169)
    jmccarthy@millerbarondess.com
5   MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
6   Los Angeles, California 90067
    Telephone:  (310) 552-4400
7   Facsimile:   (310) 552-8400

8   Attorneys for Plaintiff Herring Networks, Inc.

9

10

11              **UNITED STATES DISTRICT COURT**

12           **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   HERRING NETWORKS, INC.,                  **CASE NO. 3:19-cv-01713-BAS-AHG**

15            Plaintiff,                       Assigned for All Purposes to:
                                               Hon. Cynthia Bashant
16        v.
                                              **NOTICE OF LODGING VIDEO**
17   RACHEL MADDOW; COMCAST                   **FILE IN SUPPORT OF**
     CORPORATION; NBC UNIVERSAL               **PLAINTIFF'S *EX PARTE***
18   MEDIA, LLC; AND MSNBC CABLE              **APPLICATION**
     LLC.
19                                            [*Filed Concurrently with Ex Parte*
          Defendants.                         *Application; Declaration of Amnon Z.*
20                                            *Siegel; [Proposed] Order*]

21

22                                            Action Filed:    September 9, 2019
                                              Trial Date:      None

23

24

25

26

27

28

445543.1                                                Case No. 3:19-cv-01713-BAS-BGS

NOTICE OF LODGING VIDEO FILE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1  **TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE** that Plaintiff Herring Networks, Inc. ("Plaintiff")

4  hereby lodges the following video file referenced as <u>Exhibit B</u> to the Declaration of

5  Amnon Siegel in support of Plaintiff's *Ex Parte* Application to Supplement the

6  Record in Opposition to Defendants' Special Motion to Strike:

7         • A flash drive containing an excerpt from the video of the December 9,

8          2019 episode of *Hardball* with Chris Matthews on MSNBC.

9

10  DATED:  December 11, 2019      MILLER BARONDESS, LLP

11

12

13  By: _____

14          AMNON Z. SIEGEL

15          Attorneys for Plaintiff Herring Networks,

16          Inc.

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On December 11, 2019, I served true copies of the following document(s) described as:

**NOTICE OF LODGING VIDEO FILE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION (RETURN RECEIPT REQUESTED):**  I caused a copy of the document(s) to be sent from e-mail address aalamango@millerbarondess.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 11, 2019, at Los Angeles, California.

Alexandria Alamango

NOTICE OF LODGING VIDEO FILE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION

**SERVICE LIST**
**Herring Networks, Inc. v. Rachel Maddow, et al.**
**USDC SDCase No. 19-cv-1713-BAS-AHG**

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Theodore J. Boutrous Jr. |
| 4 | Theane Evangelis |
| | Nathaniel L. Bach |
| 5 | Marissa B. Moshell |
| | GIBSON, DUNN & CRUTCHER LLP |
| 6 | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |

3  Theodore J. Boutrous Jr.
   Theane Evangelis
4  Nathaniel L. Bach
   Marissa B. Moshell
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA 90071-3197

Attorneys for Defendants RACHEL MADDOW, COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, AND MSNBC CABLE L.L.C.

Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email:  tboutrous@gibsondunn.com
        tevangelis@gibsondunn.com
        nbach@gibsondunn.com
        mmoshell@gibsondunn.com

9  Scott A. Edelman
   GIBSON, DUNN & CRUTCHER LLP
10 2029 Century Park East, Suite 4000
   Los Angeles, CA 90067-3026

Attorneys for Defendants RACHEL MADDOW, COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, AND MSNBC CABLE L.L.C.

Telephone: (310) 552-8500
Facsimile: (310) 551-8741
Email:  sedelman@gibsondunn.com

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

445543.1

4

Case No. 3:19-cv-01713-BAS-BGS

NOTICE OF LODGING VIDEO FILE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION