THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
NATHANIEL L. BACH, SBN 246518
  nbach@gibsondunn.com
MARISSA B. MOSHELL, SBN 319734
  mmoshell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone:  310.552.8500
Facsimile:   310.551.8741

Attorneys for Defendants Rachel Maddow,
MSNBC Cable L.L.C., NBCUniversal Media,
LLC, and Comcast Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>RACHEL MADDOW; COMCAST CORPORATION; NBCUNIVERSAL MEDIA, LLC; and MSNBC CABLE L.L.C.,<br><br>   Defendants. | CASE NO. 19-cv-1713-BAS-AHG<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO SUPPLEMENT THE RECORD AND REQUEST TO STRIKE**<br><br>Action Filed:  September 9, 2019<br><br>Judge:  Hon. Cynthia Bashant |

# I. INTRODUCTION

Plaintiff's *ex parte* Application to supplement the record with comments made by Chris Matthews on his on December 9, 2019 *Hardball* show should be denied. Such material is not considerable by the Court on Defendants' anti-SLAPP Motion, *see Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018), and Mr. Matthews's comments are irrelevant to the Court's examination of Ms. Maddow's statement in any event. Plaintiff's Application should therefore be denied, its memorandum stricken as an improper surreply, and Defendants' Motion granted.

# II. ARGUMENT

## A. Plaintiff's Additional Evidentiary Submission is Improper.

As Defendants made clear in their Reply, the Ninth Circuit does not permit the submission or consideration of evidence to oppose an anti-SLAPP motion based on "deficiencies in the plaintiff's complaint," as here. Dkt. 20, Reply at 1–2 (quoting *Planned Parenthood*, 890 F.3d at 834). In *Planned Parenthood*, the Ninth Circuit stated that "[i]n order to prevent the collision of California state procedural rules with federal procedural rules, we will review anti-SLAPP motions to strike under different standards depending on the motion's basis." *Id.* at 833. The Court of Appeals then drew a distinction between those anti-SLAPP cases that are brought upon evidence, which must be treated as under Rule 56 (and discovery therefore allowed), and those brought upon the pleadings, where "the motion must be treated in the same manner as a motion under Rule 12(b)(6)." *Id.* at 834 (internal quotations omitted). Defendants' Motion is unquestionably the latter, brought on the same record as a Rule 12(b)(6) Motion.[1] And federal courts are clear that on a Rule 12(b)(6) motion they cannot consider material, evidence, or affidavits that go beyond the pleadings. *See Agricola ABC, S.A. De C.V. v.*

---

[1] Plaintiff's request to take discovery also fails because Defendants' Motion is not brought upon evidence such that it is treated under Rule 56's standard. *See Planned Parenthood*, 890 F.3d at 833–34.

*Chiquita Fresh North America, LLC*, No. 10-cv-772, 2011 WL 13100714, at *3 (S.D. Cal. Mar. 8, 2011) ("On [a] motion to dismiss under Rule 12(b)(6), the Court cannot properly consider" declarations that "offer fact-based opinions"); *City of Royal Oak Retirement Syst. v. Juniper Networks, Inc.*, No. 5:11-cv-04003, 2013 WL 2156358, at *6 (N.D. Cal. May 17, 2013) (citing the "well settled proposition that a district court normally may not consider evidence outside the pleadings when addressing a motion to dismiss under Rule 12(b)(6)"). Moreover, as Defendants confirm in their Reply, courts routinely decide and dismiss defamation cases using Rule 12(b)(6)'s standard—based on the publication and its context—without the submission of evidence. *See* Dkt. 20, Reply at 2–3 (collecting cases).

Plaintiff asserts that the Court may consider its evidence because the anti-SLAPP statute provides that a court "shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." App. at 6 (citing Cal. Civ. Proc. Code § 425.16(b)(1)). Yet, Plaintiff acknowledges that this rule only survives in federal court "to the extent it does not conflict with the Federal Rules of Civil Procedure," *id.*, and indeed it does conflict, because courts cannot consider evidence outside the pleadings that is not judicially noticeable or incorporated by reference. *See Agricola ABC*, 2011 WL 13100714, at *3; *Planned Parenthood*, 890 F.3d at 834 (confirming that "[i]n [the anti-SLAPP] context, if there is a contest between a state procedural rule and the federal rules, the federal rules of procedure will prevail"). Because the state law's procedural provision does not apply here, Mr. Matthews's comments, like Plaintiff's evidence submitted with its Opposition, are not properly considerable in relation to Defendants' Motion.

**B.    Mr. Matthews's Comments Are Not Relevant in Any Event.**

Plaintiff's Application should also be denied because Mr. Matthews's comments—made on his *Hardball* show on December 9, 2019, more than four months after Ms. Maddow's show—are not relevant to how an average viewer of Ms. Maddow's July 22, 2019 show would have understood her statement. Indeed, Mr. Matthews did not refer to

Ms. Maddow's July 22 statements about OAN, nor did he state that his December 9 comments were based on his understanding of what she said.

Moreover, Ms. Maddow and Mr. Matthews made different comments. Ms. Maddow stated, in part, that OAN is "paid Russian propaganda," before clarifying in the very next sentence what she meant, that OAN's "on air U.S. politics reporter is paid by the Russian government to produce propaganda for that government." Compl., Ex. A. at 4. Indeed, the entire context of Ms. Maddow's segment—which was based entirely on *The Daily Beast* article, as her words and on-screen graphics confirm—makes clear that she was commenting on the "ridiculous" nature of the day's news, a "sparkly story" in which a U.S. news network employs a reporter who is also paid by the Kremlin-financed Sputnik in the midst of an ongoing national conversation about Russian election interference. Compl., Ex. A at 3.

Mr. Matthews's comments were of a different nature and context. Commenting on Rudy Giuliani's recent trip to Ukraine to meet with former Ukrainian prosecutors as part of a television program being filmed for OAN, Mr. Matthews stated about the network, "that's Russian owned by the way," before immediately correcting himself and stating "[m]aybe it's not Russian owned, but of that point of view." App. at 4. He then followed up with an additional clarification that OAN is "owned by an American." *Id.*[2] Mr. Matthews's comments do not affect how a reasonable viewer would have interpreted Ms. Maddow's statement but, in any event, his comment (which he corrected) was a different one. For this same reason, Mr. Matthews's comments do not bear upon Defendants' substantial truth argument. His different comments in a different context do not change the fact that Plaintiff has conceded it employs a reporter who is also paid by a Russian propaganda media organization—thereby confirming that Ms. Maddow's statement is substantially true.

---

[2] The transcript Plaintiff submitted with its Application is not an official transcript of Mr. Matthews's show, and Defendants reserve the right to correct it if and as needed.

Finally, Plaintiff's suggestion that it should be permitted leave to amend—made for the first time in its Application (and mentioned nowhere in its Opposition)—is also improper. Because Mr. Matthews's comments (as well as the evidence and expert report submitted with Plaintiff's Opposition) are not relevant to the interpretation of Ms. Maddow's separate and different statement made four months earlier, amending the Complaint to plead such information would not affect the legal determination of Ms. Maddow's statement, and would therefore be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.").

### III.   CONCLUSION

Plaintiff's improper Application is the last gasp of its failed claim. The Court should deny Plaintiff's Application, strike its memorandum, and grant Defendants' Motion.

DATED: December 13, 2019            Respectfully Submitted,


GIBSON, DUNN & CRUTCHER LLP


By:  /s/ *Theodore J. Boutrous Jr.*
       Theodore J. Boutrous Jr.

Attorneys for Defendants