LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
AMNON Z. SIEGEL (State Bar No. 234981)
asiegel@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Plaintiff Herring Networks, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RACHEL MADDOW; COMCAST CORPORATION; NBC UNIVERSAL MEDIA, LLC; AND MSNBC CABLE LLC. <br><br> Defendants. | **CASE NO. 3:19-cv-01713-BAS-AHG** <br><br> Assigned for All Purposes to: <br> Hon. Cynthia Bashant <br><br> **PLAINTIFF'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Action Filed:   September 9, 2019 <br> Trial Date:     None |

Plaintiff Herring Networks, Inc. objects to new evidence filed by Defendants with their Reply Memorandum in support of their Motion for Attorneys' Fees and Costs—specifically, a 2014 motion for attorneys' fees filed by Miller Barondess, LLP in another matter (the "Fee Motion"). (Dkt 38-3.) Where new evidence is submitted with a reply, that evidence may be challenged by objection. *See Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1026-27 (C.D. Cal. 2018) ("parties routinely challenge new evidence filed in support of a reply by objecting to such new evidence.").

### A. Defendants Improperly Submitted New Evidence In Their Reply

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert* Park, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992). "New evidence submitted as part of a reply is improper" because "the opposing party is deprived of the opportunity to respond." *Morris v. Guetta*, 2013 WL 440127, *8 (C.D. Cal. Feb. 4, 2013). For these reasons, "the district court may decline to consider new evidence or arguments raised in the reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'" *Townsend*, 303 F. Supp. 3d at 1027.

Put simply: Defendants do not get a second chance to submit evidence with their Reply that they could have put forth with their moving papers. The Fee Motion is from 2014. (Dkt. 38-3 at 2.) If Defendants thought it was relevant to their Motion for Attorneys' Fees and Costs, they should have included it in their moving papers. They failed to do so, and now Defendants are grasping at straws to justify their exorbitant rates.

### B. The Miller Barondess Fee Motion Shows That Defendants' Fee Request Is Unreasonable

In any event, the Fee Motion only undermines Defendants' fee request here. The Fee Motion was filed in *Margosian v. Bank of the West*, a complex lender

liability case where plaintiffs asserted more than 20 causes of action and sought to recover more than $20 million in damages. (Dkt. 38-3 at 4, 7.) Miller Barondess defended nine depositions and responded to more than a hundred document requests and interrogatories. (*Id*. at 4, 9.) Miller Barondess also filed a motion for judgment on the pleadings, a demurrer, motions to compel, a motion for partial summary adjudication, and a cross-complaint. (*Id*. at 4-5.) The case eventually proceeded to a nine-day trial. (*Id*. at 10.) For all of this work, Miller Barondess sought only $1.2 million in fees. (*Id*.) By comparison, here, Defendants seek nearly a *third* of that amount for a single motion that challenged a single cause of action based on a single statement.

Defendants also misrepresent the rates that Miller Barondess sought to recover in *Margosian*. The Miller Barondess attorneys sought to recover a blended hourly rate of $500 for all three attorneys (two partners and one associate with 9 years' experience) staffed on the matter. (*Id*. at 8.) This blended rate is less than *one third* of what Defendants are seeking here for Mr. Boutrous. It's also less than the $625 per hour that Defendants seek for Ms. Moshell and Mr. Rubin—associates with less than three years of legal experience.

Moreover, the *Margosian* case demonstrates that Defendants overstaffed this case. In *Margosian*—a complex matter that went to trial—Miller Barondess staffed the case with only three attorneys. By comparison, Gibson Dunn staffed this case with five attorneys, plus two paralegals and two "researchers," to prepare one pleadings motion.

DATED: July 10, 2020                MILLER BARONDESS, LLP

By:    /s/ Amnon Z. Siegel
           AMNON Z. SIEGEL
           Attorneys for Plaintiff Herring Networks, Inc.